# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY, | CIVIL ACTION NO. 3:10-CV-1845 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| GINA AND ALAN GARRISON AND JANE AND JOSEPH KEENAN, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiff Tennessee Gas Pipeline Company's Emergency Motion for Preliminary Injunction. (Doc. 2.) In this petition Plaintiff asks the Court for a Preliminary Injunction for immediate access to Defendants' properties for surveying. Defendants Gina and Alan Garrison have stipulated for survey access, (Doc. 9), leaving Jane and Joseph Keenan as the remaining Defendants. For the reasons discussed more fully below, Plaintiff's Motion for Preliminary Injunction will be denied.

## BACKGROUND

A Hearing was held on the Motion for Preliminary Injunction and the following facts were developed. Plaintiff is the owner and operator of a natural gas transmission system. This system consists of pipelines located in corridors that often cross hundreds of individual properties between compressor stations. (Ex. 5.) Plaintiff is currently in the midst of the '300 Line Project', which in part concerns the construction of pipeline loops in Susquehanna and Pike counties. (Id.) These "loops" will increase the transportation capacity of Plaintiff's

existing 300 Line. The Project was approved by the Federal Energy Regulatory Commission ("FERC") on May 14, 2010. The FERC Order issued at that time granted Plaintiff a Certificate of Public Convenience and Necessity for the Project. (Ex. 1.) As part of the conditions of this Order, Plaintiff is prohibited from beginning construction of the Project until it has filed certain survey reports with the Secretary of the FERC. Plaintiff cannot perform these surveys without access to Defendants' property. Defendants refuse access before the property is condemned.

## DISCUSSION

In order to grant a motion for a preliminary injunction, a district court must address the following four factors: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *See Forum for Academic and Institutional Rights v. Rumsfeld*, 390 F.3d 219, 228 (3d Cir. 2004).

### 1. Success on the Merits

Plaintiff is unlikely to succeed on the merits of their claim against Defendants. In claiming a right to enter Defendants' property to carry out the surveys, Plaintiff fuses state and federal law in a way that does not stand up to close scrutiny. Plaintiff's argument has two basic steps: (1) that under § 717f(h) of the Natural Gas Act they can exercise the right of eminent domain as holders of a Certificate of Public Convenience and Necessity (granted them by FERC) and (2) as a result, as a "condemnor" under § 309 of the Pennsylvania Eminent Domain Code, they have a right to enter land to do the surveys *prior* to filing for a

2

taking. However, § 717f(h) of the Natural Gas Act only states that:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, *it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.*

15 U.S.C. § 717f(h) (italics added).

That is to say, Plaintiff, as holder of the certificate of public convenience and necessity, *may* acquire exercise of eminent domain through an eminent domain proceeding in district or state court, which it has not done, and, barring that, does not have the right to enter the Plaintiffs' land to conduct the surveys. Simply put, the Natural Gas Act does not provide for pre-condemnation entry onto Plaintiff's property, nor does it point to state law for such authorization.

In *N. Border Pipeline Co. V. 86.72 Acres of Land*, 144 F.3d 469 (7th Cir. 1998), plaintiff pipeline company, holding the same certificate of necessity, sought an injunction to acquire immediate possession of defendant's land without first completing eminent domain proceedings. After having the motion denied by the district court, plaintiff appealed to the Seventh Circuit. On appeal, they argued that while the Natural Gas Act did not create a right of immediate possession of the land, the district court could have exercised its equitable powers to enter the injunction and grant them possession. *N. Border Pipeline*, 144 F. 3d at 471. The Seventh Circuit held that:

A preliminary injunction may issue only when the moving party has a substantive entitlement to the relief sought. Because it disavows any claim that it has a substantive entitlement to the defendant's land *right now*, rather than an entitlement that will arise at the conclusion of the normal eminent domain process, Northern Border is not eligible for the relief it seeks.

*Id*.

In *E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808 (4th Cir. 2004), on the other hand, plaintiff gas company was granted an injunction for immediate possession of properties they needed access to as part of a pipeline project. In that case, however, plaintiff *did* go through eminent domain proceedings and was granted a condemnation order *before* the injunction was granted. Distinguishing plaintiff's case from the facts of *N. Border Pipeline*, the Fourth Circuit, in affirming the district court, found that *N. Border Pipeline*:

> involved an entirely different set of circumstances than those presented here. Specifically, the gas company in *Northern Border* did not obtain an order determining that it had the right to condemn before it sought a preliminary injunction. Its motion for an injunction was based entirely on the existence of a certificate of public convenience and necessity.

*Sage*, 361 F.3d at 827.

Describing the powers of condemnatory powers granted by the Natural Gas Act, the Fourth Circuit stated that:

> The Natural Gas Act, like most statutes giving condemnation authority to government officials or private concerns, contains no provision for quick-take or immediate possession. The Act simply says that any holder of a certificate of public convenience and necessity may acquire property "by the exercise of eminent domain in the district court." 15 U.S.C. § 717f(h).

*Sage*, 361 F.3d at 822.

Turning to the facts of the instant case, it is clear that Plaintiff's situation is closer to

4

the gas company's situation in *N. Border Pipeline* than it is to the one in *Sage.* As in *N. Border Pipeline*, Plaintiff is claiming a substantive right to access Defendants' property solely on the basis of the Certificate of Public Right and Necessity. Furthermore, unlike the company in *Sage*, Plaintiff has not gone through the formal condemnation procedures before seeking access to Defendants' property via an injunction. Although Plaintiff's case is distinguishable from both *N. Border Pipeline* and *Sage* in that Plaintiff is seeking only to access the land for survey purposes rather than to possess it, under the Natural Gas Act, the Certificate alone does not create any such right.

Finally, Plaintiff relies on a number of cases they claim demonstrate their right to pre-condemnation access to the Defendants' land for survey purposes, including *Walker v. Gateway Pipeline Co.*, 601 So.2d 970 (Ala. 1992). The court notes that Plaintiff here has elected to proceed under the Nature Gas Act and not the Pennsylvania Eminent Domain Code. Since the former does not incorporate the Pennsylvania right to pre-condemnation access, and since the Plaintiff is not proceeding under the Pennsylvania Eminent Domain Code, Plaintiff cannot attempt to use § 309 of the Code to do so. The cases cited by Plaintiff support this position, and to the extent any do not, the court does not find them persuasive.

**Conclusion**

Having found that Plaintiff is not likely to succeed on the merits of their case, the Court will not grant Plaintiff's Motion for a Preliminary Injunction. An appropriate order follows.


 09/10/10                                                          /s/ A. Richard Caputo
Date                                                               A. Richard Caputo
                                                                   United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-1845 |
| v. | |
| GINA AND ALAN GARRISON AND JANE AND JOSEPH KEENAN, | (JUDGE CAPUTO) |
| Defendants. | |

## **ORDER**

**NOW**, this  10th  day of September, 2010, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a Preliminary Injunction is **DENIED.**

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge